IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LASALLE BANK NATIONAL ASSOCIATION,
as Indenture Trustee under the Indenture, dated as
of Sept. 1, 1999, Series 1999-3,

      Plaintiff,

v.                                                      Civ. No. 05-0493 JP/DJS

JOYCE POTEET, JOHN DOE and JANE DOE,
(true names unknown), Tenants,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On May 23, 2005, Plaintiff filed a Motion to Remand (Doc. No. 4) this foreclosure action to the Eighth Judicial District Court, State of New Mexico.  After a thorough review of the pleadings and the applicable law, I conclude that Plaintiff's Motion to Remand should be granted.

**I.  BACKGROUND**

On June 11, 2001, Plaintiff LaSalle Bank N.A. filed a "Complaint for Foreclosure" ("Complaint") against Defendants Joyce Poteet, John Doe and Jane Doe, in the Eighth Judicial District, County of Taos, State of New Mexico.  Plaintiff sought foreclosure of a mortgage and a monetary judgment against the Defendant Joyce Poteet in the amount of $173,652.58, the unpaid principal balance, plus interest at the rate of 11.210%, *per annum* from October 3, 2000,

1

until paid, plus reasonable attorney's fees and additional charges.[1]

Subsequently, on December 13, 2004, the Honorable Sam Sanchez entered an Order of Summary Judgment, foreclosing the Mortgage and awarding Plaintiff a judgment in the amount of $291,991.83 against Defendant Joyce Poteet.  Thereafter, on March 9, 2005, Judge Sanchez filed an Order Appointing Special Master, designating Helen Laura Lopez as Special Master for the purpose of advertising and selling the foreclosed property.

On May 3, 2005, Defendant Poteet filed in the United States District Court, District of New Mexico, a Notice of Removal (Doc. No. 1) and a pleading entitled, "Libel of Review/Counterclaim in Admiralty" (Doc. No. 2).  The alleged basis for removal is diversity of citizenship. (Notice of Removal ¶ 4.)

**II    DISCUSSION**

Federal removal jurisdiction is statutory in nature and must be strictly construed.  *See Pritchett v. Office Depot, Inc.*, No. 05-0501, 2005 U.S. App. LEXIS 5896, at *8 (10th Cir. Apr. 11, 2005) (citing *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941)).  Doubts are to be resolved in favor of remand. *See Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995).  A party invoking federal jurisdiction has the burden of establishing its propriety. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998).

**A.  The Removal Was Untimely**

Defendant, Poteet, did not file the Notice of Removal to federal court in a timely manner.

---

[1] Defendants, John Doe and Jane Doe were named as possible tenants of Defendant Poteet, residing in the property that is the subject of the foreclosure.

To be timely, a notice of removal must be filed:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (first paragraph). "The thirty-day time limitation is mandatory and strictly construed." *Chavez v. Kincaid,* 15 F. Supp. 2d 1118, 1120 (D. N.M. 1998). However, if the case is not initially removable, the second paragraph of 28 U.S.C. § 1446(b) applies. It states:

> [A] notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[2]

Defendant Poteet failed to meet any of the time limitations imposed by 28 U.S.C. § 1446(b). Defendant Poteet argues that the case did not become removable until February 2005. **(Notice of Removal ¶ 3.)** Even if the case did not become removable until February 2005, the Notice of Removal still was not timely. Defendant Poteet did not file her Notice of Removal until May 3, 2005, which is beyond the 30 day period allowed by the second paragraph of 28 U.S.C. § 1446(b). In addition, 28 U.S.C. § 1446(b) sets an outside limit on removal of actions by stating "a case may not be removed on the basis of jurisdiction conferred by section 1332 . . . more than 1

---

[2] The House Report suggests that Congress was attempting to preclude removal "late in the proceedings" after "substantial progress has been made in state court." H.R. Rep. No. 889, 100th Cong. § 2 (1988). In this case, more than substantial progress had been made in state court by the time Defendant Poteet attempted to remove it to federal court. A final judgment had been entered in state court.

year after commencement of the action." Here, Plaintiff's action commenced on June 11, 2001, and the Notice of Removal was not filed until May 3, 2005- more than three years after commencement of the action. Defendant Poteet failed to file the Notice of Removal within the time requirements of 28 U.S.C. § 1446(b) and she is therefore precluded from removing this case to federal court.

### B. Defendant Poteet's New Mexico Citizenship Prohibits Removal

Although Plaintiff's Motion to Remand is based solely on the untimeliness of the attempted removal, there is an additional reason that removal in this case was improper. An action is removable on the basis of diversity of citizenship only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). None of the pleadings explicitly describe Defendant Poteet as a citizen of the State of New Mexico; however, information in the record indicates that she is a citizen of New Mexico.

In the presence of only general and conclusory allegations of jurisdiction, the court may look to the record before it to determine a party's citizenship. *See Martinez v. Martinez*, 207 F. Supp. 2d 1303, 1308 (D.N.M. 2002), *aff'd*, 62 Fed. Appx. 309 (10th Cir. 2003) (post office box address an indication of "citizenship"). The Plaintiff's complaint describes Defendant Poteet as a resident of New Mexico or claimant of an interest in the subject property in Taos County, New Mexico. (Compl. ¶ 2.) Defendant Poteet stated her address as P.O. Box 2155, Ranchos de Taos, New Mexico. (Notice of Removal at 1.) Defendant Poteet also asserted "[t]he defendant is an inhabitant of the land of New Mexico." (Notice of Removal ¶ 4.) Moreover, Defendant Poteet's signature on page 5 of her Notice of Removal is on a line below which Defendant Poteet

4

described herself as "Joyce Ann; Poteet, a Woman upon the land of New Mexico." All indications in the record are that Defendant Poteet is a citizen of New Mexico. Nothing in the record suggests otherwise. Hence, 28 U.S.C. § 1441(b) prohibits Defendant Poteet from removing this action to the United States District Court for the District of New Mexico. Accordingly, the case must be remanded to state court.

### C. Attorney's Fees and Costs

Plaintiff, in its Motion to Remand, requests the Court to award attorney's fees and costs incurred as a result of the improper removal of this action. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may exercise its discretion in awarding attorney's fees for an improper removal, and no showing of bad faith on the part of the removing party is necessary. *Martin v. Franklin Capital Corp.,* 393 F.3d 1143, 1146 (10th Cir. 2004). In awarding attorney's fees, "a showing that the removal was improper *ab initio*" is required. *Topeka Hous. Auth. v. Johnson,* No. 04-3348, 2005 U.S. App. LEXIS 6537, at *6 (10th Cir. Apr. 18, 2005). The fact that the party who attempts improper removal is a pro se litigant does not prevent the court from imposing sanctions. *Id* at *7. I find that the attempted removal was frivolous and improper *ab initio* in that it was directly contrary to the language of the removal statutes. Therefore, I will require the removing party, Defendant Joyce Poteet, to pay Plaintiff's reasonable **attorney's fees and costs** incurred in preparing Plaintiff's Motion to Remand.

IT IS ORDERED that:

(1) Plaintiff's Motion to Remand is GRANTED;

(2) this case is remanded to the Eighth Judicial District Court, State of New Mexico,

        County of Taos;[3]

(3)    Defendant Joyce Poteet must pay Plaintiff's reasonable attorney's fees and costs incurred as a result of the removal; and

(4)    by June 15, 2005, counsel for Plaintiff must file and serve an affidavit itemizing the attorney's fees and costs incurred.

                                                                  */s/ James A. Parker*
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Although this case is remanded to the state court upon the entry of this Memorandum Opinion and Order, this federal court retains jurisdiction over the collateral matter of attorney's fees and costs. 16 MOORE'S FEDERAL PRACTICE § 107.41[3][a][iii]; *See also, Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).